A. V. MEIGS ET AL. *v.* S. C. BUNTING ET AL.

APPEAL BY C. D. CLARK FROM THE COURT OF COMMON PLEAS
NO. 3 OF PHILADELPHIA COUNTY.

Argued January 23, 1891—Decided April 6, 1891.
[To be reported.]

1. When a mortgage and a judgment are given as cumulative securities
   for the same debt, a satisfaction entered upon one is presumed, as between
   the parties, to be on account of a payment of the debt, and therefore, to
   include a satisfaction of the other; but this is a rebuttable presumption.
2. If the debt be not actually paid, the result, as between the parties, of
   the entry of satisfaction upon one of the securities, will depend upon
   their intention; as they have an unquestionable right to extinguish one
   security, and yet keep the other alive and maintain it as an existing en-
   cumbrance.
3. A purchaser at sheriff's sale is not bound to look into the actual facts
   of payment or the intention of the parties, further than they have been
   made accessible to him upon the record: Magaw v. Garrett, 25 Pa. 319;
   Coyne v. Souther, 61 Pa. 455; Reading v. Hopson, 90 Pa. 494; Saun-
   ders v. Gould, 134 Pa. 445.
4. Wherefore, when a mortgage has been satisfied of record, but a judg-
   ment for the same debt still stands apparently in force, such purchaser
   may rely upon the record as conclusive evidence that the parties have
   exercised their right to keep the judgment alive, and therefore, that the
   sale will discharge a mortgage subsequent thereto.
5. If, in such case, a rule to open the judgment is pending at the time of
   the sheriff's sale, the purchaser will be unaffected thereby; being en-
   titled to rely upon the legal effect of the judgment, so long as it stands
   on the record unmodified by the court, he assumes no risk as to the re-
   sult of the controversy.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 175 July Term 1890, Sup. Ct.; court below, No. 366
March Term 1889, C. P. No. 3.

On April 18, 1889, Arthur V. Meigs and William M. Meigs,
executors of the will of J. Forsyth Meigs, deceased, brought scire
facias upon a mortgage, dated November 26, 1873, recorded
the same day, and covering certain premises on Twenty-third

Statement of Facts.

street, Philadelphia, against Samuel C. Bunting, Jr., with notice to Charles D. Clark and others, terre-tenants. Charles D. Clark having appeared and filed an affidavit of defence, a statement of facts was agreed upon between him and the plaintiffs, by a writing filed, to have the same effect as if found in a special verdict by a jury. The facts so agreed upon were in substance as follows:

On February 9, 1873, there was entered of record in the District Court of Philadelphia county a judgment against Samuel C. Bunting, Jr., and in favor of Robert W. Ryerss, upon a bond and warrant of attorney for $8,000, payable in one year from November 4, 1872, with interest thereon payable half yearly. The judgment bond recited the fact that it was accompanied by a mortgage of two lots of ground on Walnut street, Philadelphia. This recital, however, was not noted on the docket entries. The mortgage thus referred to was dated November 4, 1872, and was duly recorded. It was satisfied of record on October 31, 1874, by Frederick B. Vogel, by virtue of an assignment thereof to him from Ryerss, dated September 23, 1874, and recorded October 29, 1874. On the date of that assignment, the judgment in favor of Ryerss was marked to the use of Vogel. It was never marked satisfied. On October 29, 1874, and January 9, February 12 and September 2, 1875, releases of property from the lien of the judgment were filed. On November 15, 1875, the judgment was marked by Vogel to the use of George F. Power. An alias writ of fieri facias was issued on November 20, 1875, and on December 18, 1875, the defendant obtained a rule to open the judgment, with a stay of the execution.

The affidavit upon which said rule was granted, averred that the debt of $8,000 was paid by the defendant to Ryerss, whereupon satisfaction was entered upon the accompanying mortgage; that the judgment ought to have been satisfied at the same time, but that Vogel caused it to be assigned to him without the defendant's knowledge or consent; that, as soon as he learned of this, the defendant objected to it, but Vogel said it was for his protection that the judgment was kept alive, and that when the transaction was closed it would be satisfied, or marked to use, as the defendant might direct; that, in violation of the agreement made and of the defendant's rights, Vogel

afterwards marked the judgment to the use of Power, who had no lawful right whatever to hold or control it.

The rule was discharged by the court on February 5, 1876; but on March 18, 1876, by agreement of the respective counsel of the parties, it was reinstated. On May 16, 1877, the rule was withdrawn by agreement filed. A release of certain premises from the lien of the judgment was filed on June 9, 1877.

On June 11, 1875, Ephraim Clark obtained a judgment in the Court of Common Pleas No. 1 of Philadelphia county, against Samuel C. Bunting, Jr., for $12,000, upon which an alias writ of fieri facias was issued January 26, 1877, and one of the lots of ground described in the mortgage of Bunting to Meigs, was levied upon. By virtue of a writ of venditioni exponas, issued in the same case, said lot was sold by the sheriff on March 5, 1877, for $2,600, but, the terms of sale not having been complied with, an alias writ was issued and the lot was again sold by the sheriff on April 2, 1877, Charles D. Clark becoming the purchaser at the second sale. The sheriff made a deed therefor to Clark, which was acknowledged May 12, 1877, and duly recorded.

After argument of the case stated, the court, without opinion filed, entered judgment against the terre-tenant for the amount of the mortgage debt, with interest from June 16, 1878, whereupon the terre-tenant Clark took this appeal, specifying that the court erred :

1. In not entering judgment for the defendant on the case stated.

2. In entering judgment for the plaintiffs on the case stated.

*Mr. John G. Johnson*, for the appellant:

1. There was no proof that the bond, on which the judgment prior to the plaintiffs' mortgage was entered, had really been paid at the time of the sheriff's sale. On the contrary, there is the strongest presumption that it had not been, arising from the fact that the rule to open the judgment was ultimately discharged by agreement, and the lien of the judgment stands at the present time against Bunting in full force. It will not do to say that the withdrawal of the rule was collusive, inasmuch as its effect was to leave the debtor at the mercy of the judgment creditor, to the extent of upwards of $8,000. Whilst, as

between obligor and obligee, a presumption of payment arises from the marking of satisfaction upon the accompanying mortgage, this presumption may be overturned by other evidence. In other words, such marking is evidence of payment, but not conclusive evidence: Fleming v. Parry, 24 Pa. 50; Hughes v. Torrence, 111 Pa. 617; West's App., 88 Pa. 341.

2. Without commenting on what is well known, that in this city it is usual, after a sheriff's sale and the acquisition of title to the mortgaged premises by the mortgagee or by a third person, to clear the title by entering satisfaction upon the mortgage, and that the bond is never supposed to be satisfied thereby, it is sufficient for us to argue that the case of Seiple v. Seiple, 133 Pa. 472, decides nothing more than that after a mortgagee has entered satisfaction upon the mortgage, the burden is thrown upon him to prove that the accompanying bond was not paid. It is unnecessary to discuss the question whether a purchaser at sheriff's sale is bound to look in the recorder's office, to ascertain whether there may not be a mortgage which accompanied the judgment bond marked satisfied; we are willing to be charged with notice of all that could have been ascertained by such an examination at the time of the sheriff's sale.

3. Nor is it necessary to ask the court to say whether the decision in Patterson v. Given, 15 Phila. 347, that an intervening mortgage will not be divested, if the purchaser at the sale was the owner of the judgment prior thereto and knew that it had been paid, is correct. If necessary, we would contend that that case was not well decided, because the effect of a sheriff's sale must not be made to depend upon the person of the buyer, as, if all buyers are not under the same rule of divestiture or non-divestiture, there can be no certainty in the bidding and the debtor will suffer. All that we need to contend for is that the existence of a dispute as to the fact of payment of the prior judgment, will not prevent the divestiture of an intervening mortgage. Nothing more appears in the present case than that there was such a dispute. Must the buyer, obliged to act at once, take the chance of the ultimate decision of such a dispute? If the prior judgment lien be valid on its face, and be not marked paid, it stands on the record as a lien, and all the incidents of such lien must follow.

4. At common law, a sheriff's sale divests all liens. The

Arguments.

Meigs mortgage was not prior to all other liens, but was subsequent to a judgment not marked paid and about the payment of which there was a dispute, as the record disclosed. The result of this state of the record was that the act of April 6, 1830, P. L. 293, saving from divestiture mortgages prior to all other liens, except other mortgages, etc., did not apply, and the common-law effect of divestiture followed the sale. This court has frequently expressed its judgment as to the vital necessity of making the record the sole test by which to determine the effect of sheriffs' sales: Reading v. Hopson, 90 Pa. 497; Harper's App., 4 W. N. 49; Coyne v. Souther, 61 Pa. 457; Magaw v. Garrett, 25 Pa. 322; Goepp v. Gartiser, 35 Pa. 133. In conclusion, we appeal to the recent case of Saunders v. Gould, 134 Pa. 446, holding that if the fact of payment is not shown by the record, and is unknown to the purchaser, the mortgage will be divested.

*Mr. William M. Meigs* and *Mr. John Samuel,* for the appellees :

1. The case of De Witt's App., 76 Pa. 283, very positively charges the defendant Clark with all that he would have learned from an examination in the office of the recorder of deeds, and notice of everything appearing upon the record of the prior judgment, in favor of Ryerss, is fixed upon him by the decisions in Kirk's App., 87 Pa. 243; Cohen's App., 10 W. N. 545; Goepp v. Gartiser, 35 Pa. 130. We do not contend that the mere taking of a rule to open renders a judgment of no effect, but we do contend and the cases decide that persons interested are required to make inquiry as to the truth of the facts stated in the affidavit on which the rule is granted: Griffiths v. Sears, 112 Pa. 523; Biddle v. Tomlinson, 115 Pa. 299; Cohen's App., supra; Parke v. Neeley, 90 Pa. 52. And see further, as to notice, Miller v. Fluck, 26 W. N. 213; Patterson v. Given, 15 Phila. 347.

2. Clark knew, then, when he purchased the property, that the judgment was a fraud and a sham, owned and controlled by the defendant Bunting, for his own purposes. Not only was this set forth by Bunting's affidavit, but the collusion by which the judgment was kept open was indicated by the succession of releases filed, and was shown by the veritable game

of hide and seek which the nominal plaintiff and the defendant played in agreeing to reinstate the once-discharged rule to open and in afterwards withdrawing it. Bunting's reason for this withdrawal cannot now be known positively, but at least one possible motive will occur when it is noticed that the withdrawal was just four days after the acknowledgment of the sheriff's deed, and in time to permit the judgment, really controlled by him, to take the purchase money on distribution.

3. A debt, once paid, is, as to the rights of subsequent creditors, as completely obliterated as if it had never existed, and the security for it cannot be kept alive, even by the agreement of the parties, to the prejudice of third persons: Loverin v. Humboldt Co., 113 Pa. 6; Waters v. Largy, 5 R. 131; Mitchell v. Coombs, 96 Pa. 430; Wood v. Vanarsdale, 3 R. 401; Anderson v. Neff, 11 S. & R. 208. The entry of satisfaction upon the Ryerss mortgage, without any contemporaneous proceedings to rebut the presumption of payment arising therefrom, allowed our mortgage to take position as the first lien, and no subsequent juggling with the Ryerss judgment can be allowed to oust us from that position.

4. Even if there were no other evidence of payment than the entry of satisfaction, it would be enough; for such entry raises a strong presumption of payment even between the original parties, and the presumption is vastly stronger when the rights of other persons are involved. Indeed, it is doubtful whether, as against third persons, testimony is admissible to rebut it: Loverin v. Humbolt Co., 113 Pa. 6. But, assuming that it may be rebutted, it is, like all other presumptions, conclusive until this is done: Loverin v. Humboldt Co., supra; Seiple v. Seiple, 133 Pa. 460; West's App., 88 Pa. 341; Gray's Est., 7 W. N. 542; Fleming v. Parry, 24 Pa. 47; Hughes v. Torrence, 111 Pa. 611; Miller v. Wach, 1 N. J. Eq. 214; 1 Jones on Mortgages, § 966. In this case, not only is there nothing to rebut it, but as has already been shown, it has been re-enforced and augmented by the subsequent collusive dealing with the judgment. And if the judgment were not the sham it appeared to be, why did not the terre-tenant show this?

5. As to the suggestion that no presumption of payment can arise in Philadelphia from the entry of satisfaction upon a mortgage, because it is customary here to clear the record after

a sheriff's sale under a mortgage, it is sufficient to say that no such custom is known to exist, but if it did, the suggestion is inapplicable here as there were no proceedings on the mortgage. The cases cited upon the other side to show that the record is the sole test of divestiture, are radically different from the case at bar, and the word, "record," is used in them in a sense that has no analogy in our case, being used in reference to an effort to bring in parol evidence to alter a record as against a person who had no notice of the matters offered to be set up by parol. Coyne v. Souther, 61 Pa. 457, is distinguished also by the fact that the attempt there made was to nullify a judicial act of the prothonotary: Lancaster v. Smith, 67 Pa. 427.

OPINION, MR. JUSTICE MITCHELL:

A bond and mortgage are distinct and separate securities, though for the same debt. As against the rights of third parties, payment in fact of either extinguishes the debt, and therefore satisfies the other: Mitchell v. Coombs, 96 Pa. 430; Loverin v. Humboldt Co., 113 Pa. 6. And, even between the parties, the two securities are so far parts of the same transaction that the satisfaction of one is presumed to be payment of the debt and therefore to include the satisfaction of the other, and the burden of proof is on the creditor to show the contrary. But this result depends on the intention of the parties. The presumption therefore is rebuttable, and satisfaction of one security will not in fact be satisfaction of the other, unless the parties so intend, or the debt be actually paid: Fleming v. Parry, 24 Pa. 47; Seiple v. Seiple, 133 Pa. 470.

These being the rights and the presumption between the parties, we come now to the question in the present case, what is the presumption as applicable to a third party having an interest in the subject-matter, for instance as purchaser at a sheriff's sale? Is he bound to look into the actual facts of payment, or the intention of the parties, further than they have been made accessible to him on the record? The clear result of our cases seems to be that he is not.

In Magaw v. Garrett, 25 Pa. 319, there was a judgment of the same date as a mortgage, and the record indicated that it was a subsisting lien at the time of sheriff's sale. It was held

Opinion of the Court.

that as to the purchaser the mortgage was discharged, though the judgment were in fact paid. " The record, in the absence of notice to the contrary, is for him a safe guide." Goepp v. Gartiser, 35 Pa. 130, was to the same effect. Coyne v. Souther, 61 Pa. 455, was the converse of the preceding cases. There a judgment prior to the mortgage was marked satisfied, on the record, and it was held that the mortgage was not discharged, though the judgment was not in fact paid; and evidence that the mortgagee had been notified, before the sale, of a rule to show cause why the entry of satisfaction on the senior judgment should not be stricken off was properly excluded, the mortgagee not being bound to pay any attention to such a notice. In Reading v. Hopson, 90 Pa. 494, there was no lien of record when the mortgage was made and recorded, but a mechanics' claim was subsequently filed, which it was offered to be shown related back to the commencement of the building prior to the mortgage. It was held that the offer was properly refused, and the mortgage was not discharged. The date of the commencement of the building did not appear on the face of the lien, and it was held that it could not be proved by parol, SHARSWOOD, C. J., saying that while this might be shown as between the mortgagee and the lien claimant, because the former was bound to take notice of the actual state of things on the ground, yet, as between the mortgagee and the purchaser, it was different. " As the bidder at sheriff's sale is not bound to look beyond the record in determining what he shall bid, and it cannot be shown as against him that a prior lien has been paid or is not subsisting, so neither can he take advantage of any fact dehors the record to discharge the land from the lien of the mortgage:" Idem, 497. And in the latest review of the subject it is said by our Brother CLARK, in Saunders v. Gould, 134 Pa. 445: " A purchaser is not bound to look beyond the record. The payment of a prior lien not satisfied of record will not protect a subsequent mortgage from being discharged by the sale. . . . . He had a right. . . . . to assume that the liens were as they appeared upon the record, and the judgment docket was the criterion."

These cases establish the general rule that a purchaser at sheriff's sale is entitled to rely upon the record evidence of the encumbrances on the property. There is no sufficient reason

to make the case of double securities for the same debt, as, e. g., a mortgage and a judgment on the accompanying bond, an exception.   As already shown, satisfaction of one is only presumptive payment of the debt from which satisfaction of the other would follow.   The parties have an unquestionable right to extinguish one security and keep the other alive.   If they put or leave the record in such shape as to indicate that they have exercised that right, why may not the purchaser rely upon it as conclusive evidence, as in other cases?   If the parties had made a formal entry on the judgment docket that " the mortgage accompanying the bond in this case has been satisfied, but the parties agree that the judgment is not to be affected thereby," there could be no possible question of the validity of the judgment as a subsisting encumbrance.   But parties, by leaving the judgment on the docket, do, in effect, make such a representation to those who inspect the record.   If the bidder goes to the parties for information he may not get a truthful account, and in the present case would almost certainly have got a conflicting one, for it appears that the creditor was trying to collect the judgment by fieri facias, and the debtor was asserting to the court that it had been paid.   But the bidder is not bound to take any such risk.   As said by SHARSWOOD, J., in Coyne v. Souther, supra: " It is very important that bidders at sheriffs' sales should feel well assured as to whether they are offering to buy a clear or an encumbered title. . . . . In regard to the lien of judgments the judgment docket has been provided, which, as to purchasers and subsequent encumbrancers, is intended to afford them certain information: " 61 Pa. 457.   We are of opinion that cases like the present come within the general rule, and a purchaser, finding the mortgage satisfied, but the judgment still apparently in force, may rely upon the record as conclusive evidence that the parties have exercised their right to maintain the judgment as a subsisting encumbrance, and, therefore, that the sale will discharge the second mortgage.

In the present case, the record disclosed an apparent controversy between the plaintiff and defendant in the judgment, at the time of the sale.   There had been a rule to open the judgment which had been discharged by the court, and subsequently reinstated by agreement of the parties, and it was still pending

Syllabus.

at the time of the sale.  Even if the whole question were open, it would seem that the most that could be fairly held against the purchaser would be that, having bought with notice of the pendency of the rule, he took the chances of the court's action upon it, and as the rule was subsequently withdrawn, the judgment stood unaffected, as if it had never been assailed. But the question is not open.  It was held in Coyne v. Souther, supra, that notice of a rule to strike off satisfaction of a judgment did not change the legal effect of the satisfaction while it stood on the record, and that the purchaser was not bound to pay any attention to such notice.  The purchaser here had notice by the record that there was a rule to open the judgment pending, but the rule, unacted on by the court, had no greater force than the affidavit of the defendant on which it was founded.  It showed no more than a dispute between the parties, to which the purchaser was not bound to give any heed.  He was entitled to rely on the legal effect of the judgment so long as it stood on the record, unmodified by any action of the court.

> Judgment reversed, and judgment on the case stated for the terre-tenant Clark.

