### Joint-Stock Land Bank Bonds as Trust Investments.

*Trusts and trustees—Investments—Bonds of joint-stock land banks—Constitutional law—Constitution of Pennsylvania, art. iii, sect. 22—Act of April 5, 1917.*

1. Joint-stock land bank bonds are comprehended as farm loan bonds within the meaning of the Act of April 5, 1917, P. L. 46, and as such are not a legal investment for trust funds in this State, inasmuch as they are the bonds of a private corporation; the act is in this respect unconstitutional.

2. A joint-stock land bank is a private corporation within the meaning of article iii, section 22, which forbids investments of trust funds "by executors, administrators, guardians or other trustees in the bonds or stock of any private corporation."

Department of Justice. Opinion to Hon. Peter C. Cameron, Secretary of Banking.

BROWN, Dep. Att'y-Gen., Aug. 29, 1923.—Your letter asking for an opinion as to whether or not joint-stock land bank bonds are legal investments for trust funds in Pennsylvania has been received.

The Act of Congress of July 17, 1916, 39 Stat. at L. 360, known as the Federal Farm Loan Act, provides that joint-stock land banks, corporations for carrying on the business of lending on farm mortgage security and issuing farm loan bonds, may be formed by any number of natural persons, not less than ten. Shareholders shall be held individually responsbile for all contracts, debts and engagements of such bank to the extent of the amount of stock owned by them at the par value thereof, in addition to the amount paid in and represented by their shares.

The act also provides "that the Government of the United States shall not purchase or subscribe for any of the capital stock of any such bank."

Bonds are issued by the joint-stock land banks and are secured by deposit of farm mortgages with the registrar, "to be by him held as collateral security for farm loan bonds." The bonds are the obligations of the bank issuing them, and are in no sense the obligations of the United States Government, nor are they in any way guaranteed by the Government.

Section 2 of the Act of Congress above mentioned provides: "The term 'farm loan bonds' shall be held to include all bonds secured by collateral deposited with a farm loan registrar under the terms of this act; they shall be distinguished by the addition of the words 'Federal' or 'joint stock,' as the case may be."

The Act of April 5, 1917, P. L. 46, provides:

"That executors, administrators, guardians and other trustees are hereby authorized to invest trust funds, in their possession or under their control, in farm loan bonds issued by Federal land banks, under the provisions of the Act of Congress of the United States of July 17, 1916, and its amendments or supplements; and that such bonds are hereby declared to be legal investments of moneys by executors, administrators, guardians and other trustees.

"Section 2. All acts or parts of acts inconsistent herewith be and the same are hereby repealed."

It would, therefore, seem that joint-stock land bank bonds are comprehended as "farm loan bonds" within the meaning of the Act of April 5, 1917.

The question now arises, are such bonds legal investments for trust funds in this State?

Article III, section 22, of the Constitution of the State provides: "No act of general assembly shall authorize the investment of trust funds by executors, administrators, guardians or other trustees in the bonds or stock of any private corporation, and such acts now existing are avoided, saving investments heretofore made."

Considerably more than half a century ago Chief Justice Black, in Hemphill's Appeal, 18 Pa. 303, laid down the rule which has never been disturbed: "In England it has been held for more than a century past to be settled law that a trustee can only protect himself from risk when he invests the trust fund in real or Government securities or makes the investment in pursuance of an order by the court. . . . The same rule has been adopted in its whole length and breadth by the courts of New York and New Jersey. . . . In Pennsylvania this doctrine does not appear ever to have been either affirmed or denied. . . . But the time has come when the interests and rights of trustees, as well as orphans, married women and insane persons, demand the settling of it, and we think the rule here ought to be as it is elsewhere."

This doctrine has been affirmed in a number of cases, and in Com. v. McConnell, 226 Pa. 244, Judge Mestrezat says: "The doctrine thus firmly established in this State prohibits a trustee from investing the estate of his *cestui que trust* in the bonds or stocks of a private corporation. The people of the

4 D. & C.

Commonwealth have attempted to enforce the rule by article III, section 22, of the present Constitution, which prohibits the general assembly from authorizing the investment of trust funds by a trustee in the bonds or stocks of any private corporation. Time has tested the wisdom of the rule, and, as our cases declare, it is firmly established in this Commonwealth."

A joint-stock land bank is a private corporation and the bonds issued by it are the bonds of a private corporation. Under our Constitution and the decisions of our Supreme Court, it is apparent that the investment by a trustee in such bonds is illegal and trustees have no right to so invest trust funds.

I, therefore, advise you that joint-stock land bank bonds are not legal investments for trust funds in this State.

From C. P. Addams, Harrisburg, Pa.