## Trust Companies' Investments of Trust Funds.

*Trust companies—Investments—Trust funds—Bonds of private corporations secured by first mortgage — Constitution, art. iii, sect. 22 — Acts of June 7, 1917, March 19, 1923, and June 29, 1923.*

Under article iii, section 22, of the Constitution, and the Act of June 7, 1917, P. L. 447, as amended by the Acts of March 19, 1923, P. L. 23, and June 29, 1923, P. L. 955, a trust company may not hold, as investments for trust funds in its custody, bonds or certificates of a private corporation secured by a first mortgage on the real estate of such corporation.

Department of Justice.  Opinion to Hon. Peter G. Cameron, Secretary of Banking.

ANDERSON, Dep. Att'y-Gen., May 10, 1926.—The question which you have recently propounded, as to the right of a trust company to hold, as investments for trust funds in its custody, bonds or certificates of a private corporation, secured by a first mortgage on the real estate of the corporation, has received careful consideration.  The mortgage specifically mentioned has been made by a private corporation on valuable real estate owned by it to a trustee for the holders of the bonds or certificates, which bonds or certificates, moreover, confer on their holders the right to proceed against the mortgagor, without resort or application to the trustee, to enforce their rights as creditors.

Your question can only be answered adequately by an examination of the declared public policy of the Commonwealth since the adoption of the Constitution of 1874.  Article III, section 22, of that instrument provides that: "No act of the general assembly shall authorize the investment of trust funds by executors, administrators, guardians or other trustees in the bonds or stock of any private corporation."

The Supreme Court in Com. v. Railroad Co., 122 Pa. 306 (1888), pointed out the broad distinction between a mortgage of land secured by the bond of

one or more individuals and a mortgage bond of a corporation secured by a mortgage to a trustee representing the holders of all the bonds issuable thereunder. These latter were there declared to be "not specialties, but negotiable instruments, passing from hand to hand by delivery or endorsement; they find a market in all parts of the civilized world and are held as an investment in moneyed institutions and by private persons. The mortgagee has no right to the custody of one of the bonds unless he buys it like any other investor." It will be noted that the court there made no reference to the investment of trust funds by fiduciaries in corporate bonds, even though they be secured by mortgage of the company's real estate to a trustee for bondholders. That tribunal, however, in Com. v. McConnell, 226 Pa. 244 (1910), squarely ruled that where a committee of a lunatic, without an order of court, invested the lunatic's estate in the bonds of a private corporation, secured by a mortgage, and the bonds became worthless by the bankruptcy of the corporation, the committee was personally liable for the loss. The article and section of the Constitution of 1874, quoted above, was there referred to as an attempt by the people of the Commonwealth to enforce a firmly established rule which "prohibits a trustee from investing the estate of his *cestui que trust* in the bonds or stocks of a private corporation."

In the general revision of the laws relating to decedents' estates which the legislature accomplished in 1917, fiduciaries were authorized to invest trust funds, *inter alia*, in "mortgages" by section 41a of the Fiduciaries Act of June 7, 1917, P. L. 447. The word "mortgages" there used obviously means mortgages of land in the common form, where the bonds which they secure and the indentures of mortgage "are payable to the creditor, both are under seal, both pass only by assignment, both are taken as constituting together one security, and the creditor may, on default made by his debtor, resort to either an action on the bond or a *scire facias* on the mortgage:" Com. v. Railroad Co., 122 Pa. 306 (1888).

Under date of Aug. 16, 1920, Deputy Attorney-General Myers, on the strength of the constitutional provision which has already been cited and of the reference thereto in Com. v. McConnell, 226 Pa. 244 (1910), reached the conclusion, in an opinion then rendered you, that the Fiduciaries Act of June 7, 1917, P. L. 447, did "not authorize fiduciaries to invest in the bonds or stock of any private corporation." On the very question now under consideration, you were, "therefore, advised that the investment by a trust company under the supervision of your department in the bonds issued by a private corporation, security for which is a mortgage covering the real estate owned by the private corporation, is not a legal investment under the Constitution and laws of the Commonwealth." Since then neither the organic nor the statutory law has been changed on the subject in hand.

Section 41a of the Fiduciaries Act above referred to has been twice amended, both amendments having been adopted at the same session of the legislature. By the Act of March 19, 1923, P. L. 23, poor districts were added to the list of public corporations in whose bonds or certificates fiduciaries might invest trust funds, and "mortgages" *eo nomine* were retained in the classification of legal investments for such funds. By the Act of June 29, 1923, P. L. 955, there was substituted for the word "mortgages" the phrase "bonds of one or more individuals secured by mortgage on real estate in this Commonwealth, which may be either a single bond secured by a mortgage or one or more bonds of an issue of bonds secured by mortgage or deed of trust to a trustee for the benefit of all bondholders."

In view of the legal history of mortgage investments by trustees or other fiduciaries in Pennsylvania, the legislation just quoted must be taken to mean, first, mortgages in the common form described in Com. *v.* Railroad Co., 122 Pa. 306 (1888); and, second, bonds secured by mortgages executed and delivered by either individuals or partnerships to third parties as security for issues of such bonds. The addition of this latter class of investments as legal for fiduciaries cannot possibly authorize the investment of trust funds in the bonds of a private corporation. To construe it otherwise would virtually abrogate a firmly established rule of law, do violence to the constitutional provision already recited and call for an unnecessary inconsistency between two statutes adopted and approved at the same session of the legislature. When passing the last named act, the legislature necessarily had in mind that constitutional provision, and also must be presumed to have intended to clarify the meaning of "mortgages" as used in section 41a of the Fiduciaries Act, which was then in process of amendment.

The fact that in the present instance the bonds confer on their holders individual rights of action against the issuing corporation does not make those bonds any other sort of investment than one in the bonds of a private corporation. The mortgage securing those bonds is not made to the bondholders, but to a trustee for their benefit. This distinguishes them from mortgage securities in common form and popular parlance or sense.

You are, therefore, advised that, under your supervisory powers as set forth in the Administrative Code of June 7, 1923, P. L. 498, and, further, in the Banking Act of June 15, 1923, P. L. 809, both of which acts were adopted at the same legislative session in which the Fiduciaries Act of June 7, 1917, P. L. 447, was amended as above set forth, you have the power and duty to require trust companies to eliminate from their investments of trust funds all "bonds or stock of any private corporation," including the bonds more specifically described in the first paragraph of this opinion.

From C. P. Addams, Harrisburg, Pa.