## Investment of Trust Funds in Farm Loan Bonds

SAYLOR, Deputy Attorney General, October 5, 1933.—You have asked to be advised whether farm loan bonds issued by Federal land banks are legal investments for trust funds in this Commonwealth.

The Act of April 5, 1917, P. L. 46, as amended by the Act of July 11, 1923, P. L. 1059, provides as follows:

"That executors, administrators, guardians, and other trustees are hereby authorized to invest trust funds, in their possession or under their control, in farm loan bonds issued by Federal Land Banks or by Joint-Stock Land Banks, under the provisions of the act of Congress of the United States of July seventeenth, one thousand nine hundred and sixteen, and its amendments or supplements; and that such bonds are hereby declared to be legal investments of money by executors, administrators, guardians, and other trustees."

Article 3, section 22, of the Constitution of the Commonwealth provides:

"No act of the General Assembly shall authorize the investment of trust funds by executors, administrators, guardians or other trustees, in the bonds or stock of any private corporation, and such acts now existing are avoided saving investments heretofore made."

A Federal land bank, like a joint-stock land bank, is a corporation organized under the provisions of the Act of Congress of July 17, 1916, 39 Stat. at L. 360, 12 USCA § 641, known as the Federal Farm Loan Act. Bonds issued by such banks are the bonds of a corporation.

By opinion dated August 29, 1923, Joint-Stock Land Bank Bonds as Trust Investments, 4 D. & C. 55, former Deputy Attorney General Brown advised Honorable Peter G. Cameron, then Secretary of Banking, that joint-stock land bank bonds were not legal investments for trust funds in the Commonwealth.

This opinion is cited in the opinion of Honorable William A. Schnader, then Special Deputy Attorney General, dated July 13, 1927, Legal Investments for Public Funds, 9 D. & C. 745, 749, wherein he advised the then Budget Secretary that bonds issued either by Federal land banks or by joint-stock land banks were not legal investments for funds of the Public School Employes' Retirement Board because the members thereof were designated as "trustees" by section 6 of the Act of July 18, 1917, P. L. 1043.

The reasoning and the conclusions of the opinion of Deputy Attorney General Brown apply with equal force to farm loan bonds issued by Federal land banks.

There are distinctions between Federal land banks and joint-stock land banks, although both are chartered by the Federal Farm Loan Board. Shares of joint-stock land banks may not be purchased by the Government of the United

288

States and are subject to double liability. The bonds of such banks may not be purchased by the Secretary of the Treasury, and their debts are not the obligations of any other joint-stock land banks.

On the other hand, shares of Federal land banks are nonassessable and may be subscribed for by the Government of the United States. Bonds of such banks may be purchased by the Secretary of the Treasury. Federal land banks are responsible for the debts and obligations of other such banks. Furthermore, the capital of a Federal land bank may be subscribed for by any individual, firm or corporation or Government of any State. Such being the case, it could not be successfully maintained that a Federal land bank is anything in nature like a public or quasi-governmental corporation. Like a joint-stock land bank, it is a private corporation.

As stated in Commonwealth ex rel. v. McConnell, 226 Pa. 244 (1910), wherein the court interpreted the section of the Constitution above quoted, it is firmly established in this Commonwealth that trust funds may not be invested in the bonds or stocks of a private corporation. There is a clear constitutional prohibition on such investment. Accordingly, the Act of April 5, 1917, P. L. 46, as amended by the Act of July 11, 1923, P. L. 1059, is unconstitutional.

Therefore, you are advised that farm loan bonds issued by Federal land banks are not legal investments for trust funds in this Commonwealth.

From C. P. Addams, Harrisburg, Pa.