## Winters *v.* Wolfskill, Appellant.

Argued November 10, 1936.

Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Chas. W. Eaby,* with him *Amos E. Burkholder,* for appellant.

*Harris C. Arnold,* with him *John A. Coyle,* for appellee.

OPINION BY RHODES, J., February 26, 1937:

This is an action in assumpsit by plaintiff to recover the balance of the purchase price of a piece of real estate sold by him to defendant at a public sale. At the time of purchase defendant paid plaintiff 10 per cent of the bid, and executed an agreement which provided for payment of the balance of $1,575 on or before April 1, 1934, with interest. Simultaneously, a judgment note was executed and delivered by defendant to plaintiff in the amount of $1,575, dated May 20, 1933, and payable one day after date.

This action was based on the original agreement. Defendant's defense was payment. The jury found for plaintiff. The rule entered on defendant's motion for new trial was discharged, and his motion for judgment non obstante veredicto was overruled. Defendant has appealed from the judgment entered on the verdict.

The testimony viewed in the light most favorable to appellee may be summarized briefly. Appellee owned a dwelling house in Terre Hill, Lancaster County, and on May 20, 1933, sold the property at public sale to the appellant for $1,750. Appellant signed an agreement

designated "Conditions of Sale," whereby he agreed to purchase the real estate in question for the sum of $1,750; $175 to be paid in cash, and $1,575 bearing interest at 5 per cent to April 1, 1934, unless paid before that date. Appellant's note for the balance was entered by appellee on June 17, 1933, in the prothonotary's office at Lancaster. On July 14, 1933, appellant and appellee met at the office of a justice of the peace in Lancaster County, at which meeting appellee's wife and the justice were present. Appellant requested a deed for the property which he had purchased, and stated that, as he did not like to have a judgment note entered against him, he would exchange his note for a $1,500 note of Amanda Marks, against whom he held a judgment note of $2,500. He further said that he desired to be relieved of the payment of the 4-mill tax; that the Marks note was better than his note; that she owned several properties, which he enumerated; and that appellee would thereby have better security for the payment of the balance of the purchase money at the time specified in the agreement.

On July 21, 1933, the same parties met at the office of the justice who had been instructed to prepare the necessary deed and note. The deed was signed and acknowledged by appellee and his wife, and dated July 21, 1933, but not recorded by appellant until March 5, 1936. The note of Amanda Marks, which was presented at that time to appellee, was not in satisfactory form. A new note was prepared and executed by Mrs. Marks, dated July 21, 1933, in the amount of $1,500, payable on April 1, 1934, being the same date set forth in the "Conditions of Sale" signed by appellant for the payment of the balance of $1,575; $75 was paid in cash by appellant to appellee at the time of the delivery of the deed and the judgment note of Amanda Marks. Judgment against appellant in the amount of $1,575 was satisfied by appellee on July 22, 1933, and the fol-

lowing notation appears on the docket in the Prothonotary's Office of Lancaster County: "This judgment is paid, satisfied and released. Witness my hand and seal the 22nd day of July A. D. 1933. Charles Winters attest: W. Frank Gorrecht." On July 29, 1933, appellee entered the judgment note against Amanda Marks in the sum of $1,500. This note has not been paid. The Marks note was given to and accepted by appellee merely as collateral security for the payment of the balance of the purchase money which appellant owed to him, replacing the $1,575 note previously given to appellee by appellant as security, upon which judgment had been entered.

Appellant set up a defense of payment, and his testimony in this connection was as follows: "Q. The $1,575.00 and the $175.00 which you paid in cash was the full purchase price? A. Yes, sir, that is what it was. Q. Did you pay this judgment note? [Objection and exception for plaintiff.] A. I did, yes, sir. Q. What did you do? A. I gave him another note. He was satisfied to take it."

Appellant's contentions are: The satisfaction of the $1,575 judgment by the appellee on July 22, 1933, established payment; the instructions of the trial court were erroneous; the court erred in admitting the testimony of witness Tripple; an action of assumpsit did not lie, and appellee's remedy, if any, was to strike off the satisfaction of the $1,575 judgment.

Appellant presents no argument that his $1,575 note given to the appellee was other than collateral security for his indebtedness, and the evidence discloses no agreement that the original debt was intended to be paid by appellant's giving this note.

Appellant's position appears to be that he paid the balance of his debt to the appellee with the Marks note, and that proof of such payment is established by the satisfaction of the judgment entered on the note which

he gave as security for his debt to appellee. The transactions previous to the institution of this action were between the respective parties, and the rights of others had not intervened.

The satisfaction of a collateral judgment or of a mortgage is not conclusive proof of payment of the primary obligation. "There is no magic in an entry of satisfaction, either on a judgment or a mortgage, which can prevail against the truth and equity of the transaction": *Fleming v. Parry*, 24 Pa. 47, at page 51. The satisfaction of the judgment which had been given as collateral for appellant's debt, evidenced by the "Conditions of Sale," was sufficient to wipe out the debt if so intended. The effect of the satisfaction was left to the jury, and the testimony offered on behalf of appellee warranted the jury in finding that the satisfaction of the judgment was at appellant's request and for the purpose of effecting a substitution of collateral, and that the extinguishment of the debt was not intended. The effect of the satisfaction in this case depended on the intention of the parties. See *Safe Deposit & Trust Co., Exr., v. Kelly*, 159 Pa. 82, 28 A. 221; *Maroney's Estate*, 311 Pa. 336, 166 A. 914; *Meigs et al. v. Bunting et al.*, 141 Pa. 233, 239, 21 A. 588, 589.

The court below properly instructed the jury that it was for them to determine from the evidence whether the parties intended the satisfaction to be in full payment of the debt, or whether the judgment was satisfied to make way for a substituted note covering the balance of such indebtedness. Appellant assigned as error a portion of the charge of the court on this question; but no exception was taken to that portion of the charge which he now deems erroneous or inadequate. Appellant had ample opportunity at the conclusion of the charge of the court to request additional or more complete instructions. This was not done, and appellant's counsel expressed satisfaction with the charge and took

only a general exception thereto and exceptions to the answers to the points submitted.

Where a creditor accepts the note of a third person from his debtor for a pre-existing debt, it will be regarded as conditional payment in the absence of an actual agreement or evidence from which a positive inference can be drawn *(McIntyre v. Kennedy, Childs & Co.,* 29 Pa. 448) ; and a debt is not paid by the debtor's giving his own note therefore unless there is a stipulation that such shall be its effect *(Newhall v. Arnett,* 279 Pa. 317, 123 A. 819). "When a creditor accepts the note of a third person in payment of his debt, a novation takes place. The liability of the debtor is discharged, and that of the maker of the note substituted for it. The mere acceptance of such note, however, does not constitute a novation without some evidence that it was taken in satisfaction of the debt [cases cited]. The burden of proof was on the defendant": *Lauer v. Yetzer,* 3 Pa. Superior Ct. 461, at pages 465, 466.

In *N. Holmes & Son v. Briggs & Drum,* 131 Pa. 233, at page 240, 18 A. 928, at page 929, it was held: "Nothing is better settled than that, in the absence of any special agreement to the contrary, the mere acceptance, by a creditor from his debtor, of the note or check of a third person, to the creditor's order, for a pre-existing indebtedness, is not absolute but merely conditional payment, defeasible on the dishonor or non-payment of the note or check, and, in that event, the debtor remains liable for his original debt." See, also, *D. B. Martin Co. v. Strickler,* 57 Pa. Superior Ct. 296; *Shepherd v. Busch,* 154 Pa. 149, 26 A. 363; *Citizens' Bank of Wind Gap v. Lipschitz,* 296 Pa. 291, 145 A. 831.

Appellant's argument that the satisfaction of the judgment of $1,575 was conclusive is not convincing. The satisfaction of the judgment and the acceptance of the other note were interrelated and inseparable.

The testimony shows this without contradiction. If the testimony stopped with proof of satisfaction, there would be merit in the legal proposition submitted by appellant. But the satisfaction was not conclusive evidence, and the testimony did not end with that proof. Appellee presented evidence that the satisfaction was not the result of payment, but in pursuance of an agreement or arrangement between the parties to satisfy this collateral judgment and substitute therefor the Marks note having the same attributes as security for the original debt as appellant's note had. Appellant then testified that his judgment note of $1,575 was paid by giving appellee the Marks note. His testimony concluded with the statement: "He [appellee] was satisfied to take it." It does not appear from appellant's testimony whether appellee was satisfied to take the Marks note as security or as payment, and he does not say there was no agreement between them. The burden of proof of payment, which is an affirmative defense, was on appellant (see *Security Title and Trust Co. v. Welsh and Brown,* 104 Pa. Superior Ct. 502, 159 A. 227), and he has no complaint that the case was submitted to the jury with instructions to ascertain the intention of the parties.

We shall refer briefly to appellant's remaining contentions. The testimony of the witness Tripple was admitted on behalf of appellee for the limited purpose of showing whether or not the unsatisfied judgment held by appellee against Amanda Marks was paid. We find no error in the admission of the testimony for the purpose stated.

We are not persuaded by the argument of appellant that appellee's remedy was to strike off the satisfaction of the $1,575 judgment. An action in assumpsit was proper. This litigation was between the original parties, and the rights of others were not involved. Moreover, the action is not based on the collateral judgment,

but on the original obligation for which appellant gave appellee his note for security. There would be no point to a proceeding to strike off the satisfaction of the collateral judgment in this case. Either appellant was indebted to appellee for the balance of the purchase price of the property which he purchased, as evidenced by the "Conditions of Sale" which he signed, or the debt was extinguished by the acceptance of the Marks note and the satisfaction of the judgment against appellant.

The affirmance by the trial court of the two remaining points of which appellant complains does not constitute reversible error. These points were affirmed with qualifications which left the questions of fact involved for the jury to determine from all the evidence.

Assignments of error are overruled.

Judgment is affirmed.