John Stobert v. James M. Smith, Appellant.

*Vendor and vendee—Marketable title—Lunacy.*

On a case stated to determine the marketable title to real estate, it appeared that plaintiff claimed by mesne conveyances from a former owner of the land who had filed a bill to set aside the conveyance on the ground of fraud and undue influence, and who was subsequently declared a lunatic, and his committee substituted as complainant in the bill. Before the case was disposed of the lunatic died, and the committee then discontinued the suit, with the approval of the court. The case stated was filed in 1898. The lunatic's will was probated in 1894. Shortly before the case stated was filed, the devisee mentioned in the lunatic's will conveyed her interest in the land to plaintiff. *Held*, that the plaintiff had a good marketable title, having united all outstanding claims in himself.

Submitted Nov. 11, 1898. Appeal, No. 214, Oct. T., 1898, by plaintiff, from judgment of C. P. No. 2, Allegheny Co., Oct. T., 1898, No. 828, for plaintiff on case stated. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Case stated to determine the marketable title to real estate.

The case stated was as follows:

And now, September 26, 1898, it is hereby agreed by and between the parties to the above suit, that the following case be stated for the opinion of the court, in the nature of a special verdict.

On September 8, 1880, William Leatham, being the owner of lots Nos. 127 to 138, inclusive, in Felix Negley's plan of West Tarentum, Allegheny county, Pennsylvania, conveyed the same by deed to his stepson, John Stobert.

On October 14, 1882, John Stobert and wife conveyed the said lots to Emily Leatham, his mother.

On February 27, 1887, the said Emily Leatham died, having devised by her will afterwards duly probated, her real and personal property to her son, John Stobert, plaintiff herein, subject to the life estate of her husband, William Leatham.

On December 18, 1890, in the court of common pleas, No. 2, of Allegheny county, at No. 596, January term, 1891, the said William Leatham filed a bill in equity against the said John Stobert, plaintiff herein, alleging that at the date of the conveyance by said Leatham to said Stobert, the complainant was intemperate, weak-minded, illiterate, unable to read or write, and yielding to the entreaties of his wife, put the deed for said lots, as complainant supposed, in the name of John Stobert for safe-keeping, and praying (1) that John Stobert be adjudged to hold the said lots in trust for complainant; (2) that said John Stobert and wife be directed to execute and deliver to complainant a sufficient deed to remove the cloud on his title; (3) that John Stobert be enjoined from conveying or incumbering the said lots.

On March 9, 1892, John Stobert, the defendant in said bill, filed an answer thereto, denying all material allegations contained in said bill.

By report of commissioner filed on June 2, 1893, the complain-

ant, Leatham, at proceedings in lunacy at No. 799, April term, 1893, in the court of common pleas, No. 2, of Allegheny county, had been found by the inquest to have been a lunatic from January 15, 1892, without lucid intervals, and afterwards June 27, 1893, by writing filed in said case, this finding was traversed, and nothing further done except that on July 1, 1893, an order was made directing the committee to pay the expenses of the proceeding, and on August 26, 1893, an inventory of the personalty and schedule of the real estate were filed.

On June 24, 1893, James C. Leatham, the committee of William Leatham, was by order of court substituted as plaintiff in the equity proceedings aforesaid.

The equity case having been referred to a master was, owing to the death of William Leatham on November 8, 1893, left unfinished, no finding of facts or decree having ever been made therein.

On March 11, 1892, William Leatham made his last will and testament, devising all his estate of whatsoever kind and char acter, real, personal, and mixed to Mrs. Annie Moore. This will was offered to the register of Allegheny county for probate on November 30, 1893, a caveat was filed against the admission of the will to probate, which caveat afterwards, on January 11, 1894, was withdrawn. This paper cannot be found among the records, and there is no evidence to show in whose behalf the caveat was filed. The will was thereupon on January 11, 1894, admitted to probate, a copy of which will and the proceedings thereon are attached and marked exhibit "A."

On January 6, 1898, Mrs. Annie Moore, devisee of William Leatham, by deed duly acknowledged, remised and quitclaimed to John Stobert, plaintiff herein, all her right, title, interest and claim in the aforesaid twelve lots of ground in West Tarentum.

On July 1, 1898, being then in possession of the said twelve lots of ground, John Stobert, plaintiff herein, by articles agreed to sell to the defendant, James M. Smith, said lots and to convey them in fee on or before the first day of August, then next, for the sum of $7,000.

On August 1, 1898, the plaintiff tendered to the defendant a deed for the said lots and demanded payment therefor. The defendant thereupon refused to accept the said deed or pay

the purchase money therefor, alleging as the reason that the plaintiff, John Stobert, was not possessed of a marketable title in fee simple in the said lots ; that the will of William Leatham, devising all his real estate to Mrs. Moore was invalid and void, because that at and before the date of making of the said will, Leatham had been found by the inquest aforesaid to have been a lunatic, and was therefore incapable of making a will.

It is therefore agreed by the parties in this suit that if upon the facts set forth, the court shall be of the opinion that the will of William Leatham was or has by lapse of time become a valid devise of his interest, if any he had, in the aforesaid twelve lots of ground to the said Annie Moore, and that the plaintiff can, so far as the will affects his title, convey to the defendant an estate in fee simple to the said lots of ground, then, and in that case, judgment shall be entered against the defendant for the sum of $7,000 and costs of suit. If, however, the court shall be of the opinion that the said will was and is not a valid devise, and that therefore the plaintiff's title to the said lots is not marketable, judgment shall be entered for the defendant with costs, either party reserving the right to sue out a writ of error thereto.

The court in an opinion by WHITE, P. J., entered judgment for plaintiff for $7,000 on the case stated.

*Error assigned* was the judgment of the court.

*F. C. McGirr*, with him *R. A. Kennedy*, for appellant.

*David Smith*, for appellee, cited Dyre's Est., 12 Phila. 156; Broe v. Boyle, 108 Pa. 76; Williams v. Ivory, 173 Pa. 542; Leckey v. Cunningham, 56 Pa. 373.

OPINION BY MR. JUSTICE MITCHELL, January 2, 1899 :

This case was here before under the same name, 184 Pa. 34. It was there held that plaintiff had not shown such a title as defendant could be compelled to take, because, whether it was really defective or not, it was open to litigation, and therefore not marketable in the sense the case stated called for. In referring to that decision the learned judge below fell into a singular error, which it is necessary to notice to avoid miscon-

struction of the effect of our present affirmance of his judgment. In his opinion in this case he says, as Emily Leatham's will "gave a life estate to William Leatham, and he was enjoying the same when he filed his bill in 1890, the bill in equity had no substantial foundation. . . . I cannot see any ground upon which that bill could be sustained." It is true that as the title stood when Leatham filed his bill he held the property by a life estate under his wife's will, but by his bill he claimed to hold it in fee under his original title. If he had proved the facts set up in his bill, he would have avoided the whole title of John Stobert, except as trustee, and of course Emily Leatham's title by deed from Stobert and William Leatham's own title for life under her will would have fallen with the title of Stobert on which they depended, and Leatham would have been remitted to his own prior title in fee. The bill had therefore a very substantial foundation, and what was decided in the case in 184 Pa. was that the discontinuance of the bill by Leatham's committee after his death was without authority, and that even if it had been authorized it would not have relieved the plaintiff's title from the risk of litigation, because if Leatham's deed to Stobert was voidable for fraud and undue influence on the grantor, the contest could be renewed by his devisee if his will was valid, or otherwise by his heir at law. The case therefore was rightly decided upon consideration of all the facts involved. Since that decision however changes have taken place which lead to a different result. William Leatham's will was admitted to probate January 11, 1894, and by virtue of the Act of June 25, 1895, P. L. 305, has now become conclusive. The heir at law has therefore no longer any standing as to this land, and whatever title William Leatham had has passed to his devisee, Mrs. Moore. Plaintiff has acquired Mrs. Moore's title. If therefore Leatham's deed of 1880 was valid, plaintiff has a good title by regular devolution under it, while if it was voidable and Leatham's title was not divested by it, then his rights passed to his devisee, Mrs. Moore, and plaintiff having acquired her rights has united all outstanding claims in himself and made his title marketable.

Judgment affirmed.