## Collins, Appellant, v. Collins.

*Divorce—Cruel and barbarous treatment and indignities to the
person—Insanity—Service—Jurisdiction—Act of April 8, 1905, P. L.
211 and Act of May 28, 1907, P. L. 292, distinguished.*

In an action for divorce on the grounds of cruel and barbarous
treatment and indignities to the person, a subpoena served upon the
guardian of the respondent is not such service as required by the
Act of April 18, 1905, P. L. 211, and does not give jurisdiction over
the respondent.

The Act of May 28, 1907, P. L. 292, for the appointment of a
guardian for weak-minded persons providing that "the guardian, so
appointed shall have precisely the same powers, and be subject to
the same duties, as a committee, in the State of Pennsylvania,"—
applies only to such people whose property was in jeopardy owing
to mental defect.   The powers of a guardian extend only to the
custody of the property of such persons. ·

Under the Act of April 18, 1905, P. L. 211, it is provided that in
divorce proceedings, where the husband or wife is a hopeless lunatic
or non compos mentis, service upon the committee of lunatic is proper.
In such a case the committee has certain particular duties under

the law as to the lunatic. The two offices, committee of lunatics and guardian of weak-minded persons are distinct and are so recognized by law.

Service must be made in strict accordance with the provisions of the Act of April 18, 1905, P. L. 211, upon the properly appointed committee of the lunatic.

Argued May 4, 1925. Appeal, No. 177, April T., 1925, by libellant from order of C. P. Allegheny Co., October T., 1924, No. 1457, dismissing the libel in the case of Clyde I. Collins v. Mary Collins with Pennsylvania Trust Co., Guardian. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Libel in divorce. Before MACFARLANE, J.

The facts are stated in the opinion of the Superior Court.

The case was referred to M. A. Shapira, Esq., master, who recommended that a divorce be granted. The court dismissed the libel on various grounds—as set forth, in the opinion of the Superior Court.

*Error assigned* was the decree of the court.

*William T. Tredway,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY TREXLER, J., July 9, 1925:

The husband brought suit for divorce on the ground of cruel and barbarous treatment and indignities to the person. The master found that the testimony was sufficient to support the libel. The learned court below dismissed the libel giving as reasons, 1st, that respondent was not shown beyond a reasonable doubt to be hopelessly insane; 2d, that it did not clearly appear at the time of the conduct complained of that the wife was not insane and 3d, that there was no proper serv-

ice of the subpœna and, therefore, the court had no jurisdiction of the subject-matter.

We will confine ourselves to the last subject for if the view of the court is correct in this regard the proceedings are vain. The subpœna was served on the Pennsylvania Trust Company, "guardian of the estate of Mary Collins." Under the Act of April 18, 1905, P. L. 211, it is provided that where the husband or wife is a hopeless lunatic or non compos mentis the courts can receive a libel for divorce and the service of subpœna of divorce shall be made as provided by law, such service to be upon the committee of such lunatic. The Act of May 28, 1907, P. L. 292, providing for the appointment of a guardian for weak-minded persons under which the guardian in this case was appointed states that "the guardian, so appointed, shall have precisely the same powers, and be subject to the same duties, as a committee on lunacy in the State of Pennsylvania." It is upon this clause that appellant pins his case. He claims that the service of the subpœna upon the guardian is a compliance with the above referred to act which requires the subpœna to be served upon the committee. We do not share this view. We think the court was right in holding that the service was improper. There is a distinct line of cleavage between the acts which provide for the appointment of a committee after a proceeding de lunatico inquirendo and the appointment of a guardian for a weak-minded person. The committee is only appointed where a person is found to be insane. The Act of May 28, 1907, supra, applies (as well as the acts which preceded it) only to such people whose property was in jeopardy owing to mental defect and who might in consequence lose their estate. It is not necessary that a person should be insane to come under the feeble-minded persons acts. The powers of a guardian extend only to the custody of the property of such persons. The hearing determines whether the

person is able to take care of his or her property and a decree is made accordingly and a guardian is appointed to take care of the same. When the act says that such guardian shall have precisely the same powers and be subject to the same duties as a committee in the State of Pennsylvania the language must be construed as applying to the subject of the act, which was not the care of the person but the care and protection of the property. As to the estate of the feeble-minded person he has the same powers as a committee of an insane person. When the Act of 1905, supra, provides service on the committee eo nomine it designates the person having certain particular duties under the law as to lunatics, which duties include the custody of the person or estate and has no reference to guardians under the Act of 1907, supra. The two offices, committee of lunatics and guardian of weak-minded persons are distinct and so recognized by law. We think the service was not properly made in this case and the court was right in dismissing the libel.

The decree of the lower court dismissing the libel is affirmed, appellant for costs.