## Snyder's Estate.

*Guardian for service of subpœna in divorce—Act of April 15, 1915.*

1. Service of a subpœna in divorce upon a guardian appointed under the Act of 1915, P. L. 124, relating to feeble-minded persons, is improper.

2. The court will not appoint a guardian of a person under the Act of 1915, relating to feeble-minded persons, where the intended ward has no estate and it appears that the appointment is desired for the purpose of serving a subpœna in divorce.

Petition of Merril M. Snyder for the appointment of guardian of Martha Snyder, an alleged weak-minded person. C. P. York Co., April T., 1927, No. 136.

*Adam F. Geesey,* for petition.

Stock, J., March 21, 1927.—This is a proceeding for the appointment of a guardian for Martha Snyder, an alleged weak-minded person, under the provisions of the Act of Assembly approved April 15, 1915, P. L. 124.

The testimony taken at the hearing in this case shows that Martha Snyder is possessed of no estate whatsoever, either personalty or realty. The Act of 1915 provides for the appointment of a guardian for the estate only. There is no provision in that act for the appointment of a guardian of the person. If there be no estate belonging to the ward, then there is no reason for the appointment of a guardian, and the prayer of this petition should be refused.

Counsel for petitioner assigns as a reason for the appointment of a guardian that the husband of Martha Snyder has filed his libel in divorce in the Court of Common Pleas of York County, and cannot secure service of the subpœna in divorce upon the respondent owing to her confinement in the State Hospital for the Insane, at Harrisburg: Davis v. Davis, 25 Pa. C. C. Reps. 495; Fritzinger v. Fritzinger, 5 Kulp, 507.

A guardian for the respondent is sought in this proceeding for the purpose of securing a legal service of said subpœna on the respondent. But it has been ruled that service of a subpœna upon a guardian appointed under the Act of 1915 is improper: Collins v. Collins, 86 Pa. Superior Ct. 43.

And now, to wit, March 21, 1927, for the reasons above stated, the petition is dismissed, at the costs of the petitioner.

From Richard E. Cochran, York, Pa.