## Davidson's Estate.

Argued March 20, 1930. Before Moschzisker, C. J., Frazer, Walling, Simpson, Sadler and Schaffer, JJ.

*F. C. McGirr,* for appellant.

*W. W. Montgomery, Jr.,* with him *Owen Roberts,* of *Roberts & Montgomery,* for appellees.

Per Curiam, April 14, 1930:

The court below allowed a fee of $100,000 to counsel, employed by the next of kin of a lunatic, for valuable legal services rendered to the estate of the lunatic. It is conceded by appellant that the attorneys in question were entitled to compensation for services rendered, but

it is contended that the fee allowed is too large. After examining the voluminous record in this case, and heeding the carefully prepared and well presented arguments of counsel, we are of one mind that the contention of appellant is well taken. Appellees were employed upon the express understanding that they were to be paid out of the funds of the lunatic, and, as lawyers, they knew this court had early ruled that charges against such an estate must be "manifestly just and moderate": Wier v. Myers, 34 Pa. 377, 380. See also Equitable Trust Co., Committee, v. Garis, 190 Pa. 544, 552, where we said that in such cases "fees and charges of all kinds should be allowed only on the most moderate scale of compensation." Keeping in mind the fact that appellees' services were of value in saving to the estate in question considerable funds, which it might have lost, and also that counsels' charges must be paid out of the funds of this lunatic, we conclude that, under all the circumstances, the fee which appellant expressed willingness to pay, $50,000, is proper compensation.

The decree of the court below is modified by changing the figure contained therein from $100,000 to $50,000; costs to be paid out of the estate of the lunatic.