## Hauger v. Hauger

*David R. Griffith, Jr.*, for libellant.

MACNEILLE, J., September 17, 1934.—This is a petition of a libellant asking for the appointment of a guardian ad litem for a respondent in divorce who is a lunatic, having been so adjudged on April 8, 1925, by a judge of the Court of Chemung County, N. Y., at which time she was committed to the State Hospital for the Insane at Binghamton, N. Y. She is not a Philadelphia resident.

A petition for appointment of a guardian ad litem for a respondent in divorce who is a lunatic must be refused: Collins v. Collins, 86 Pa. Superior Ct. 43. Service in such a case must be upon a committee of the lunatic, as provided for in The Divorce Law of May 2, 1929, P. L. 1237, sec. 30, which is a repetition of the provision for service in such case contained in the Act of April 18, 1905, P. L. 211.

A petition for appointment of a committee in lunacy should be made in accordance with the provision of the Act of June 13, 1836, P. L. 589, sec. 2. Under that provision, the court may appoint for a person who resides in the Commonwealth or for a person who for the time being is in the county: In re Edmundson, 109 Pa. Superior Ct. 495. The respondent in this case is not a

resident of Pennsylvania, but is a resident of New York State, and we are without power to appoint a committee in lunacy under the Act of 1836.

We think, however, that this situation has been remedied by the Act of June 10, 1901, P. L. 553, which provides for appointment of a committee ad litem in all actions at law or equity by the court in which the proceeding is begun, which committee has the same powers and the same duties as a committee in lunacy. This act places no territorial limitation upon courts' power of appointment, and we have power to appoint a committee ad litem although the respondent resides in another State. Service of a subpœna in divorce against a lunatic who is nonresident should be made upon such a committee.

The procedure for a committee ad litem under the Act of 1901 was used in Little v. Little, 56 Pa. Superior Ct. 419. It is true that Little v. Little was decided before the Act of 1929, but it was a proceeding after the Act of 1905, and the provisions as to the service are the same in both acts. In considering the case of Little v. Little, the Superior Court raised no question as to the method of service of the subpœna. Later the proceedings in that case were followed in Mann v. Mann, 14 D. & C. 303.

Wherefore, the petition is refused, with leave granted to the petitioner to file a new petition seeking the appointment of a committee ad litem.