## German's Case.

Argued February 4, 1935.   Before FRAZER, C. J., SIMPSON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Claude T. Reno,* with him *Charles M. Bolich,* for appellant.

*Lawrence Rupp,* of *Butz & Rupp,* with him *Alfred K. Hettinger,* for appellee.

PER CURIAM, March 25, 1935:

This appeal is from the order of the Court of Common Pleas of Lehigh County directing the guardian of Jennie German, a weak-minded person, to take against her deceased husband's will.

Oliver H. German died November 8, 1933, leaving to survive him his widow, Jennie German, and one son. His will provided a specific legacy of $50 to his son and two other cash legacies aggregating $600, and directed that the residue be placed in trust during the lifetime of his widow, a brother and sister, and the survivor of them, the income to be divided equally among the three. Upon the death of either the widow, brother or sister, the survivor or survivors were to share the income, the sole survivor to take the total income, and upon the death of the last of the cestuis que trustent, the principal to be distributed to "nieces and nephews or other heirs at law" of testator. The total inventory value of the estate is $53,070.34, from which the specific legacies mentioned, funeral and other expenses are to be deducted. The Allentown National Bank, as guardian of Jennie German, petitioned the court of common pleas for instructions as to whether it should take for the widow under the will or against it. At the present time Mrs. German is a mental patient at the Allentown State Hospital.

Passing upon the question presented for its decision the court below said:

"In deciding this question the court must consider the welfare of the surviving spouse. She is now aged about forty-four years. If such allowance is granted, the guardian for the widow will receive one-half of the decedent's estate, estimated at the hearing to be of the value of approximately $53,000, plus her $500 widow's exemption: Wills Act of June 7, 1917, P. L. 410. If she takes under the will, the guardian will receive the income of one-third of the estate, during the widow's lifetime. We must also consider the fact that there always is a possibility of recovery in a considerable number of mental cases, especially when we consider cases of women of middle life.

"The right of election is a personal privilege [which perishes] with the person, and where such right has not been exercised in the lifetime of the survivor, it does not

accrue to his or her personal representative: Robert's Est., 82 Pa. Superior Ct. 251. It is also the law of this State, under the authority of Kennedy v. Johnson, 65 Pa. 451, that, while this right or privilege is personal with the widow, yet, if she be incompetent to exercise it, it is not lost, nor shall it fail her, but the court of common pleas will advise her committee or guardian to elect for her, and then record the election in the orphans' court. So long as the lunatic elector lives, the court, as guardian, is vested with the power of choice. See also Crozier's App., 90 Pa. 384, 386. It seems to us that an election to take against the will is more advantageous to the widow than taking under the will. Presently there is a trust fund for her in the Allentown National Bank amounting to $1,238.59. The estimated yearly income on that sum is no more than $60. The yearly income from one-third of her deceased husband's estate, estimated approximately at $18,000 would possibly net $900 yearly.

". . . An election against the will will give her approximately $27,000, which amount if properly invested will produce a yearly income of approximately $1,350.

"Therefore an allowance to take against the will would certainly net a larger return of income for the advantage of the widow than a taking under the provisions of the will, and, in the event of an emergency, referred to by Dr. Hoffman on the witness stand, the court could, when occasion required, permit the withdrawal of some of the principal sum for such needs and emergencies which might arise for the comfortable maintenance of the widow for the balance of her life.

.   .   .   .   .   .   .   .   .   .   .   .   .

"The court is therefore of the opinion that the best interest and welfare of Jennie German justify her guardian in electing to take against her husband's will."

The court below decreed that the guardian should take steps accordingly, and in this decision we find no abuse of discretion. As we said in Stockton's Est., 311 Pa. 189, 190: "The right of a committee in lunacy to elect to take

against the will of a deceased spouse is not absolute, as in the case of a person sui juris, but is within the sound discretion of the court in control of the lunatic's estate: Kennedy v. Johnston, 65 Pa. 451. . . . This discretion is to be exercised judicially, upon consideration of all the circumstances and with a view primarily to the interests and welfare of the lunatic himself . . ."

The decree is affirmed; costs to be paid out of the estate.