Commonwealth ex rel. Flowers et al.,
Appellants, *v.* Flowers.

Argued March 23, 1937.   Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Fred Trescher,* of *Kunkle, Walthour & Trescher,* for appellants (No. 82).

*Harry L. Allshouse* and *John R. Keister,* for appellants (No. 78).

*Henry E. Marker,* with him *Albert H. Bell, William S. Rial, Henry E. Marker, Jr.* and *Paul L. Shrum,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, April 19, 1937:

The appellants seek to surcharge the committee of a lunatic.   They were unsuccessful in the court below, which unanimously dismissed their exceptions to the account.

Their animadversion to the committee's conduct in the main arises out of its holding of certain securities,

received by it as part of the lunatic's estate, during a rapid decline in their market price. They argue their contentions as if the rules which apply to the management of trust estates are applicable to the acts of committees in lunacy, and as if it was the duty of the committee to convert the non-legal securities belonging to the lunatic into cash. Such is not the law. In the very recent case of *Davidson's Est.*, 323 Pa. 113, 116, 185 A. 782, we pointed out that, "Lunatics, their property, proceedings affecting them and their status before the courts, are in a class apart from all others: *Riebel's Est.*, 321 Pa. 145, 184 Atl. 118. The committee is the mere bailiff of the court which appoints him: *Black's Case*, 18 Pa. 434. The lunatic is in effect the ward of the court and his estate is in custodia legis: *Shaffer v. List*, 114 Pa. 486, 7 Atl. 791." It is always to be borne in mind that the estate is the estate of the lunatic, and that he may regain his reason; when he does his property is to be handed back to him: *Wright's App.*, 8 Pa. 57; *Riebel's Est.*, 321 Pa. 145, 184 A. 118. There is ordinarily no duty on a committee in lunacy to convert non-legal securities acquired by the lunatic while sui juris: *Riebel's Est.*, supra; *Davidson's Est.*, 324 Pa. 90, 95, 186 A. 796. The lunatic's property can be sold only under the court's direction as outlined by the Act of June 13, 1836, P. L. 589, 50 P. S. Sec. 691 et seq. Section 21, 50 P. S. Sec. 754, of that act provides that, if the income of the estate shall not be sufficient to take care of the lunatic, his family, his debts, etc., it shall be lawful for the committee, under the court's directions, to apply so much of the principal of the personal estate as shall be necessary for the purpose. It was in carrying out this provision that the court made the order which appears in the record empowering the committee to sell the securities. This was not, and, under the circumstances, could not have been a general direction to the committee to realize on the securities belonging to the lunatic. It was simply an authorization to the

committee to convert the stocks and other securities belonging to the lunatic into cash from time to time as occasion might demand and within the discretion of the committee. The fact that the committee did not sell certain of the securities, and that they declined in value, formed no basis for a surcharge. The auditor, appointed by the court below, found that the committee "exercised normally good judgment based on a consideration of existing conditions." This finding was affirmed by the court below. It can only be disturbed for "flagrant error" *(Davidson's Est.,* 324 Pa. 90, 186 A. 796) which does not appear here.

The order of the court, authorizing the payment of counsel fees to attorneys who represented the committee in resisting the attempt to surcharge, the amount of the fees to be fixed by the court, was entirely proper: *Biddle's App.,* 83 Pa. 340; *Price's App.,* 116 Pa. 410, 9 A. 856; *Davidson's Est.,* 300 Pa. 26, 150 A. 152; *Harding v. Harding,* 305 Pa. 572, 158 A. 253.

Other criticisms of the committee are inconsequential.

Decree affirmed at appellants' cost.