## Gerlach's Estate.

Argued April 23, 1937.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, James and Rhodes, JJ.

*Charles L. Wilmot,* with him *L. M. Shoemaker,* of *Shoemaker & Eynon,* for appellants.

*Edmund W. Arthur,* with him *Frank W. Ittel* and *Richard W. Ahlers,* for appellee.

OPINION BY RHODES, J., July 15, 1937:

Appellant questions the validity of the final order of the court of common pleas ratifying the recording and registering, and approving nunc pro tunc the election to take against the last will and testament of Louisa A. Gerlach, deceased, which was executed, recorded, and filed by the guardian of the estate of Andrew H. Gerlach, a weak-minded person, without the prior sanction or order of the court. The election was executed, recorded, and filed within a year after the death of the spouse of the ward, and the taking out of letters on her estate, and during the lifetime of the ward; the court's approval nunc pro tunc of the election was made after the death of the ward and more than a year after the spouse's death and the taking out of letters testamentary on her estate.

We shall briefly summarize the proceedings which have resulted in this appeal. Andrew H. Gerlach and Louisa A. Stumpft, a widow, were married about 1916. Andrew H. Gerlach had five children by a former marriage; Louisa A. Gerlach had none. No children were born as the result of their marriage. Mrs. Gerlach died March 22, 1931, without issue, léaving her last will and testament dated March 21, 1931. By her will she gave the sum of $3,000 to her executors, in trust for said Andrew H. Gerlach, and directed them to pay him $40 per month. Some time prior to April 10, 1931, Andrew H. Gerlach executed and acknowledged an election to take against the will of his wife, which was never served on the executor, filed, or recorded. Thereafter, on April 10, 1931, Andrew H. Gerlach, at the request of the Allegheny Trust Company, executor of the will of Louisa A. Gerlach, executed another election which was an election to take under the will of his wife. This instrument was duly received by the executor, recorded, and filed. On September 4, 1931, Andrew H. Gerlach was adjudicated a weak-minded person, and the Pennsylvania Trust Company of Pittsburgh was appointed guardian of his estate. At No. 274, October Term, 1931, of the orphans' court, a petition was filed by the Pennsylvania Trust Company of Pittsburgh, guardian of the estate of Andrew H. Gerlach, stating that it was to the interest of said ward to take against the will, and asking that the recorded election to take under the will be set aside. This petition was, upon hearing, dismissed by order of the orphans' court entered March 8, 1932, on the ground that no notice of its presentation had been given to the parties interested, as devisees, in the land under the terms of the will. No further steps were taken in that proceeding. On October 2, 1931, an election to take against the will of Louisa A. Gerlach, executed by Pennsylvania Trust Company of Pittsburgh, as guardian of the estate of Andrew H.

Gerlach, was recorded in the recorder's office of Allegheny County and filed in the office of the register of wills of said county. Although it is disputed as to whether this election was served on the executor of Mrs. Gerlach's will, there was testimony that service was made upon a Mr. Grimes, trust officer of the Allegheny Trust Company, on October 19, 1931. Andrew H. Gerlach died May 26, 1932. On March 7, 1934, Colonial Trust Company, successor to Pennsylvania Trust Company of Pittsburgh, as guardian of the estate of Andrew H. Gerlach, filed a petition in the court of common pleas to the term and number of the proceedings, wherein Andrew H. Gerlach had been previously adjudicated a weak-minded person, praying for a rule upon the devisees and present owners of the land devised by the will of Louisa A. Gerlach, and upon the Allegheny Trust Company as executor of the will of said decedent, to show cause why the election, theretofore executed and recorded by the Pennsylvania Trust Company of Pittsburgh, as guardian of the estate of Andrew H. Gerlach, to take against the will of Louisa A. Gerlach should not be approved and affirmed nunc pro tunc. The rule was allowed, and, on March 20, 1934, the answer of Allegheny Trust Company, executor, was filed. On April 4, 1934, upon the petition of Emma Olmsted and Emma Ulmer, two of the devisees under the will of Louisa A. Gerlach, a rule was granted upon the Colonial Trust Company, guardian of the estate of Andrew H. Gerlach, to show cause why the election executed and recorded by the Pennsylvania Trust Company of Pittsburgh, former guardian of the estate of Andrew H. Gerlach, should not be declared void. To this petition an answer was duly filed by the Colonial Trust Company. On November 23, 1934, the case was placed on the equity trial list, and thereafter a hearing took place on December 10, 1934. At the hearing the matter was proceeded with as if upon a bill in equity. Testimony

was heard relating to the value of the separate estates of Mr. and Mrs. Gerlach, the physical and mental condition of Mr. Gerlach, the circumstances attendant upon the execution of the three elections and the steps taken pursuant thereto. In its opinion of May 14, 1935, the court below stated that this case had been treated as if it were a bill in equity, although such was not the fact. The court made and discussed 14 findings of fact upon which it based 6 conclusions of law. The 4th conclusion of law reads as follows: "(4) This Court has power and jurisdiction at this time to ratify any action it might have originally authorized where no intervening equities have arisen." Pursuant to said findings of fact and conclusions of law, the court below ordered and decreed as follows: "(1) The rule granted in said case on March 7, 1934, to show cause why the election of the Pennsylvania Trust Company of Pittsburgh, Guardian of the Estate of Andrew H. Gerlach, a weak-minded person, to take against the will of Louisa A. Gerlach, deceased, should not be approved and filed *nunc pro tunc,* is hereby made absolute and the said election is hereby approved, and the recording and registering of same ratified, *nunc pro tunc* as of the date of said election, October 2, 1931.

"(2) It is further ordered and decreed that the rule granted on petition of Emma Olmsted and Emma Ulmer April 4, 1934, to show cause why the election above stated should not be declared void, be and same is hereby discharged."

On June 8, 1936, the court below filed its final order and opinion, wherein it was stated that "the elaborate proceedings, had as though this were a Bill in Equity in which the chancellor must make formal Findings of Fact and Conclusions of Law (to which exceptions may be filed) were and are entirely unnecessary and unwarranted. This is for the reason that the case had its origin in a statute governing the appointment of guar-

dians for weak-minded persons in which the petition, hearing, orders (if any) and all subsequent steps are, necessarily, creatures of the statute. Consequently, the attempted adaptation by the trial judge, which was co-operated in by counsel for both sides of this case who filed Requests for Findings and Conclusions, was really outside the provisions of the law referred to." Although the court was of the opinion that the trial judge erred in the matter of procedure, it held that his opinion on the other questions involved remained effective. In this opinion and that of May 14th, the court stated that it did not intend, by granting the prayer of the petition for leave to file the election in question nunc pro tunc, to make a final disposition of the estate, which matter was within the jurisdiction of the orphans' court. The purpose was "to clear the way to the end that the Orphans' Court, which alone has jurisdiction in the distribution of Louisa A. Gerlach's estate, may proceed to determine the questions just as though the election now in controversy had been regularly executed ......" In its final order the decree of May 14, 1935, was re-voked as having been improvidently entered; the rule granted on March 7, 1934, to show cause why the election of the Pennsylvania Trust Company of Pittsburgh, guardian of the estate of Andrew H. Gerlach, a weak-minded person, to take against the will of Louisa A. Gerlach, deceased, should not be approved and filed nunc pro tunc was made absolute; said election was approved and the recording and registering of same ratified nunc pro tunc as of the date of said election, October 2, 1931; the rule granted April 4, 1934, on the petition of Emma Olmsted and Emma Ulmer to show cause why the election above mentioned should not be declared void was discharged. GARDNER, J., concurred on the question of procedure, but dissented as to the court's right to approve the election nunc pro tunc.

Exceptions were dismissed, and devisees, Emma Olmsted and Emma Ulmer, appealed.

The Supreme Court and this court have recently had occasion to reiterate the long-established principles applicable to guardians of weak-minded persons, to committees of lunatics, and to the property of such incompetents. See *Davidson's Estate*, 323 Pa. 113, 185 A. 782; *Commonwealth ex rel. Flowers v. Flowers*, 326 Pa. 138, 191 A. 914; *Voshake's Estate*, 125 Pa. Superior Ct. 98, 189 A. 753; *Weightman's Estate*, 126 Pa. Superior Ct. 221, 190 A. 552. A feeble-minded or weak-minded person is the ward of the court appointing the guardian, and the guardian is simply its bailiff or agent in protecting him and his estate. *Voshake's Estate*, supra; *Commonwealth ex rel. v. McConnell*, 226 Pa. 244, 248, 75 A. 367; *Weightman's Estate*, supra, 126 Pa. Superior Ct. 221, 226, 190 A. 552, 555.

The Act of May 28, 1907, P. L. 292 (as amended, 50 PS §941 et seq.) provides that the powers of guardians appointed under this act shall be precisely the same as those of a committee on lunacy. 50 PS §961.

Section 20 of the Act of June 13, 1836, P. L. 589 (50 PS §753) provides that the committee of the estate of a lunatic "shall have the management of the real and personal estate of such person ......" The power of management, however, with the power to apply the income only to the payment of the incompetent's debts and engagements, and the support and maintenance of himself and his family, and for the education of his minor children, is limited. The principal of the estate cannot be used or the real estate converted without the direction of the court. *Kennedy v. Johnston*, 65 Pa. 451, 455. See, also, *Commonwealth ex rel. Flowers v. Flowers*, supra. In *Kennedy v. Johnston*, supra, it was held that the committee of a lunatic had no statutory power to elect for her to take under her husband's will without the sanction of the court; that such an election

was a judicial and not a ministerial act, and therefore within the sound discretion of the court. See *Fidelity Trust Company's Appeal,* 250 Pa. 9, 95 A. 320; *Brooke's Estate,* 279 Pa. 341, 123 A. 786; *Stockton's Estate,* 311 Pa. 189, 166 A. 648; *German's Case,* 318 Pa. 200, 178 A. 38.

Powers of a guardian extend only to the custody of the property of the feeble-minded or weak-minded person, and as to the estate of such person he has the same powers as a committee of an insane person. *Collins v. Collins,* 86 Pa. Superior Ct. 43. The functions and powers of a guardian or committee cease with the life of the incompetent; there remain only the duty and liability to account. *Dean's Appeal,* 90 Pa. 106; 32 Corpus Juris, p. 693, §383; *Young's Adoption,* 259 Pa. 573, 103 A. 344; *Stobert v. Smith,* 184 Pa. 34, 38 A. 1019.

The guardian of the estate of Andrew H. Gerlach had no statutory power to elect to take against the will of its ward's spouse. It could act only as directed and empowered by the court. *Kennedy v. Johnston,* supra; *Arnold's Estate,* 249 Pa. 348, 363, 94 A. 1076. No such action was taken during the lifetime of the ward. If no such election was made during the lifetime of the ward, no election to take against the will could be made thereafter. Upon the death of the ward the guardian's authority to proceed ceased. *Young's Adoption,* 259 Pa. 573, 576, 103 A. 344.

And likewise upon the death of the ward the power of the court to elect terminated. Only so long as the ward lived was the court as guardian vested with the power of choice (*German's Case,* supra), and such discretion must be exercised judicially on due consideration of the advantages and disadvantages of the choice to the ward (*Kennedy v. Johnston,* supra). In *Crozier's Appeal,* 90 Pa. 384, at page 387, it was said: "So long as the lunatic elector lives, the court, as guardian, is in-

vested with the power of choice; but when the fountain dries up in death, all that has life in it dies also. In short, if no election is made by the widow during life when she is competent to act for herself, or by the court when she is not, the right is defeated in either case, the time and opportunity are past, and it never was intended that any election should be made after her death. It could do her no good, and the good of others was not in the view of the law-maker."

The guardian of the estate of Andrew H. Gerlach presented no petition to the court, while its ward was living, asking that an election to take against the will of Louisa A. Gerlach be made; and it could not elect on its own initiative and judgment. *Brooke's Estate*, supra. After the court's power of choice had been judicially exercised, the subsequent action by the guardian in connection therewith would be purely ministerial. After the ward's death no action as to an election was within the power of either court or guardian.

In the instant case the court below sought to do, in effect, after the ward's death, that which it had the discretionary power to do only during the ward's lifetime. Hence its decree approving and affirming nunc pro tunc the act of the guardian was without effect and invalid.

Nor can the court's nunc pro tunc order now serve to supply the non-action during the life of the ward, or to supply an order of election which it might have made, after consideration of all the circumstances and with a view primarily to the interest and welfare of the ward himself, prior to the ward's death. The court below had no such discretionary power as it attempted to exercise.

Appellee's contention that this controversy must be passed upon by the orphans' court is without merit. The court of common pleas has exclusive control of the estate of one who has been adjudicated weak-minded,

and of the guardian of such estate. The real question involved in this appeal relates solely to the power of the court of common pleas in connection with an act of such a guardian.

Appellee now contends also that the appellants are not proper parties. Although mentioned in the opinion of the court below, we do not find from the record that the question was raised at any stage of the proceedings. The appellee made appellants parties to the record by its own petition, wherein it prayed that "a rule be granted upon the devisees and present owners of the land devised by the will of Louisa A. Gerlach and upon Allegheny Trust Company, Executor under the will of said decedent, to show cause why an order and decree should not be now made by your Honorable Court approving and confirming *nunc pro tunc* the election heretofore executed and recorded by Pennsylvania Trust Company of Pittsburgh, Guardian as aforesaid, of a refusal to take under said will."

Appellee cannot now question the standing of appellants as proper parties in these proceedings which it inaugurated, and by which appellants were made parties by appellee itself. See 47 Corpus Juris, 229, §449.

Even though the unauthorized election by the guardian filed in the office of the register of wills and recorded in the office of the recorder of deeds may be a nullity, it was not for the court below, in these proceedings, to strike it off or declare it void.

The questioned power of the court below is its affirmance nunc pro tunc, after the death of the ward, of the act of the guardian in making the election.

That part of the final order of the court below dismissing the rule granted on the petition of Emma Olmsted and Emma Ulmer to show cause why the election should not be declared void is affirmed.

That part of the final order of the court below mak-

ing absolute the rule granted on petition of the Colonial Trust Company, successor guardian of the estate of Andrew H. Gerlach, a weak-minded person, to show cause why the election of the Pennsylvania Trust Company of Pittsburgh, guardian of the estate of Andrew H. Gerlach, a weak-minded person, to take against the last will and testament of Louisa A. Gerlach, deceased, should not be approved and filed nunc pro tunc and the recording and registering of the same ratified nunc pro tunc, is reversed, and the rule is discharged; appellee, as guardian, to pay the costs.