## Colton Estate

*Duffy, McTighe & McElhone*, for petitioner.

KNIGHT, P. J., July 28, 1950.—The guardian of the estate of Florence Wilson Colton has petitioned the court for the approval of the sale of 7.691 acres of land, with the buildings thereon erected, situate in Lower Merion Township, for the sum of $60,000, $54,000 of which is represented by a purchase money mortgage. The buildings consist of a large mansion house, in bad condition, which has been vacant for one and a half years, and other buildings, which are occupied. Notice of the proposed sale has been given to the next of kin of Florence Wilson Colton, and no objection made by any of them to the proposed sale. We are also satisfied, through the affidavits of two competent real estate brokers, that the price offered is fair and reasonable, and more than the property would bring at public sale.

The rule to show cause why the sale should not be approved was returnable on June 16th, then continued to June 23rd, and finally to July 7th. On the last date, Florence Wilson Colton appeared in court and was permitted to testify. She opposed the proposed sale for two reasons: First, because she thought the price was inadequate; second, for sentimental reasons, for this had been her home during most of her married life. She showed by her testimony that she had a clear understanding of the proceeding, and an intimate knowledge of the property sought to be sold. Her memory of dates and other data pertaining to the property was good.

The Act of May 28, 1907, P. L. 292, sec. 6, 50 PS §961, provides:

"The court . . . shall enter a decree of sale . . . of the real estate . . . of the said ward, whenever . . . it is necessary for the support and maintenance of the said ward or his family, or the education of his or her minor children, or the payment of his or her debts, or where it is for the interest and advantage of the said ward that the same shall be sold. . . ."

Mrs. Colton is possessed of a large estate and there is no necessity to sell the real estate involved in this proceeding, and we have only to consider if it is to her interest and advantage that the same be sold. It is to be noted that the act does not make the interest and advantage of the estate of the feeble-minded person the criterion, but the interest and advantage of the *ward*. To us this means that other factors should be taken into consideration besides the purely monetary advantage to be gained by a sale. Mrs. Colton is not an aged person, and we have been informed that the prospects of her complete recovery are good; at least the prognosis is not hopeless. She may wish to occupy again the home where she spent so many years, and she has the means to do so. While her opinion as to the value of

her property may be inflated, it should be respected, for, after all, it is her property. The sale of her old homestead may aggravate her mental condition or retard her recovery.

The rules governing the management of trusts are not applicable to the estates of feeble-minded persons. Such person is a ward of the court, and his estate is in custodia legis. We must always remember that the estate is the estate of the feeble-minded person, and that she may regain her reason, and if she does the property will be handed back to her: Commonwealth ex rel. Flowers et al. v. Flowers, 326 Pa. 138, 140 (1937).

After considering all of the circumstances, we are of the opinion that this sale should not be approved.

And now, July 28, 1950, the rule to show cause why the sale described in the petition should not be approved is discharged, and the proposed sale is not approved.

### Opinion sur New Petition

Knight, P. J., September 26, 1950.—In this proceeding the guardian of the estate of Florence Wilson Colton presented a petition, praying for leave to sell real estate of its ward. A hearing was held on July 7, 1950, at which the feeble-minded person appeared and was allowed to testify. She objected to the proposed sale for sentimental reasons and because she thought the price was not sufficient. The feeble-minded person had a good knowledge of the real estate involved, and her memory of dates and detail connected with the same was accurate. As no necessity was shown for the sale we refused the prayer of the petition.

On August 25, 1950, the children of Mrs. Colton filed a petition, setting forth a number of facts that were not brought to the attention of the court at the hearing of July 7, 1950. On the strength of the averments of this petition the court vacated the order of

July 28, 1950, and directed that a continued hearing be held September 22nd, on the original petition for leave to sell. On this continued hearing the following facts were developed:

That shortly after the hearing of July 7, 1950, Florence Wilson Colton was committed to a sanatorium, where she is now confined. This commitment became necessary because of a recurrence of her mental disorder.

The mansion house on the premises sought to be sold is uninhabitable, the water pipes are broken, and the ceilings and roof in disrepair.

Florence Wilson Colton has not lived in the mansion house above mentioned since 1944, and she owns another home on Woodleave Road, where she resides when she returns to Bryn Mawr.

There is a mortgage on the premises sought to be sold of $35,000, and the mortgagee is demanding payment of the same.

The property is carried by the estate of Florence Wilson Colton at a considerable annual loss.

The offer for the real estate is $60,000 cash, which will net the estate $57,000.

All of Mrs. Colton's children are in favor of the sale, and it is manifestly to the advantage of her estate that the sale be consummated.

After learning of these additional facts and circumstances we have come to the conclusion that we should not be swayed by the opposition of Mrs. Colton to the sale. We are convinced that by reason of her mental illness this unfortunate lady is incapable of making intelligent decisions in regard to her property, and it is the duty of the court to make them for her. We are of the opinion, and so find, that the proposed sale will be to the advantage and for the benefit of the estate of Florence Wilson Colton, as well as for the benefit and to the advantage of Mrs. Colton herself.

And now, September 26, 1950, the rule is made absolute.

The sale of 7.691 acres of land, with the buildings thereon erected, as described in the petition, to Frank Mahan for $60,000 cash, subject to a commission of $3,000, is hereby approved, and the Fidelity-Philadelphia Trust Company, guardian of the estate of Florence Wilson Colton, is hereby authorized and directed, upon receipt of the purchase money, to execute and deliver a deed for the real estate to the purchaser.

The Fidelity-Philadelphia Trust Company is to enter its own bond in the sum of $50,000.